DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WASHINGTON MUTUAL BANK** f/k/a **WASHINGTON MUTUAL BANK, FA,**
Appellant,

v.

**GRETCHEN A. MILLER** a/k/a **GRETCHEN MILLER; LEGACY BANK OF FLORIDA; ARIES-MILLER,** Limited Liability Partnership; Tenant #1, Served As **PETER RAINIERI;** Tenant #2, Served As **WESTIN GARCIA;** and **KEITH F. MILLER** a/k/a **KEITH MILLER,**
Appellees.

No. 4D17-1370

[March 21, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Eli Breger, Senior Judge; L.T. Case No. 50-2008-CA-013001-XXXX-MB.

Shaib Y. Rios of Brock & Scott, PLLC, Fort Lauderdale, for appellant.

Jeffrey Begens of the Law Office of Jeffrey Begens, P.A., Palm Beach Gardens, for appellee, Gretchen A. Miller.

PER CURIAM.

In a prior appeal, this court reversed the foreclosure judgment entered in favor of the appellant ("bank") as well as an order denying one of the appellee's ("borrower's") objection to the judicial sale and issuance of a certificate of title. While on remand, the borrower moved to dismiss the foreclosure complaint. The bank moved to amend the pleadings in an attempt to cure the defect that resulted in the reversal of the judgment on appeal. The bank argues that the trial court erred in not considering its motion to amend the pleadings on remand. The bank also contends that the trial court exceeded the scope of the appellate mandate in dismissing the suit.

We reject these arguments and affirm the dismissal of the foreclosure suit. However, we find that the trial court erred in dismissing the foreclosure complaint without first vacating the foreclosure judgment,

sale, and certificate of title.  We remand to the trial court to amend the order so that it contains a provision vacating the foreclosure judgment, sale, and certificate of title.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, LEVINE and KLINGENSMITH, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**